UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTONIA CHANT

    Plaintiff,

v.                                    CASE NO.:

PROGRESSIVE SELECT
INSURANCE COMPANY,

    Defendant.
_____/

**PROGRESSIVE SELECT INSURANCE COMPANY'S NOTICE OF REMOVAL WITH INCORPORATED MEMORANDUM OF LAW**

Defendant/Petitioner, PROGRESSIVE SELECT INSURANCE COMPANY ("PROGRESSIVE"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1441, 1332 and 1446, respectfully petitions this Court for the removal of the Amended Complaint in the above-captioned action from the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, to the United States District Court for the Middle District of Florida, Jacksonville Division. In support of this Petition, PROGRESSIVE states as follows:

1.    This removal is based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1) and 1441, with an amount in controversy exceeding $75,000, excluding interest and costs.

2. On November 5, 2019, Plaintiff, ANTONIA CHANT ("CHANT"), commenced an action in the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, Case No.: 2019-CA-007911, against PROGRESSIVE for uninsured/underinsured motorist ("UM") benefits arising out of a May 19, 2016 motor vehicle accident ("Underlying Action"). [*See* Underlying Complaint, attached hereto as Exhibit "1"].

3. On August 11, 2023, after a jury trial, the jury rendered a verdict in favor of CHANT in the amount of $2,025,134.44. [*See* Underlying Verdict, attached hereto as Exhibit "2"].

4. On August 15, 2023, Plaintiff filed a Motion for Leave to Amend Complaint, in which Plaintiff sought to amend the Underlying Complaint to add cause of action against PROGRESSIVE for first-party statutory bad faith pursuant to Section 624.155, Florida Statutes. [*See* Motion for Leave to Amend Complaint, attached hereto as Exhibit "3"].

5. On September 15, 2023, Plaintiff's Motion for Leave to Amend Complaint was granted and the Amended Complaint was stayed until entry of final judgment and exhaustion of appellate remedies in the Underlying Action. [*See* Order Granting Plaintiff's Motion for Leave to Amend Complaint, attached hereto as Exhibit "4"].

6. Based on the Court's Order, PROGRESSIVE now removes the separate and distinct first-party statutory bad faith action to federal court.

7. CHANT is a citizen of the State of Florida for diversity purposes. *See* 28 U.S.C. § 1332(a)(1); [Exhibit 1, at ¶ 2] (alleging that "[a]t all times material hereto, Plaintiff was and is a resident of Duval County, Florida."); [Exhibit 3, at Plaintiff's Exhibit A, ¶ 2] (stating "[a]t all times Ms. Chant was and is a resident of Duval County, Florida."); [Exhibit 3, at Plaintiff's Exhibit B, Plaintiff's Civil Remedy Notice] (indicating Plaintiff's address is "…Jacksonville, FL 32224"); [*see also* Florida Traffic Crash Report, attached hereto as Exhibit "5"] (same); [Progressive Direct Automobile Liability Policy Coverage Summary, attached hereto as Exhibit "6"] (same). Plaintiff's state of citizenship or domicile for the purposes of diversity jurisdiction is determined by Plaintiff's residence and intent to remain. *Jones v. Law Firm of Hill and Ponton,* 141 F. Supp. 2d 1349, 1355 (M.D. Fla. March 26, 2001).

8. PROGRESSIVE is a citizen of the State of Ohio for diversity purposes. "For diversity jurisdiction purposes, a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Maryland Cas. Co. v. Mid-Continent Cas. Co.*, 2013 WL 12166223, *1 (M.D. Fla. Jan. 25, 2013) (quoting 28 U.S.C. § 1332(c)(1)). Here, PROGRESSIVE is incorporated, and maintains its

principal place of business, in the State of Ohio. [*See* Printout from State of Florida Division of Corporations website (printed September 27, 2023), attached hereto as Exhibit "7"] (indicating PROGRESSIVE is an Ohio corporation with its principal place of business in Mayfield Village, Ohio). Thus, PROGRESSIVE is a citizen of the State of Ohio for diversity purposes.

9. Because CHANT is a citizen of Florida and PROGRESSIVE is a citizen of Ohio, complete diversity exists between the parties. *See* 28 U.S.C. § 1332(a).

10. The amount in controversy in this action exceeds the $75,000 jurisdictional threshold, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). As alleged in the Amended Complaint, CHANT demands judgment against PROGRESSIVE "for all damages, including the unsatisfied amounts of the Final Judgment; pre- and post-judgment interest on the Final Judgment; [and] attorney's fees and costs[.]" *See* 28 U.S.C. § 1446(c)(2) ("[i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]"); [*see also* Exhibit 3, at p. 3] ("The initial trial as to the insured's total UM damages also 'fixes the amount of damages in a first-party bad faith action.'") (citing *GEICO Gen Ins. Co. v. Paton*, 150 So. 3d 804, 807 (Fla. 4th DCA 2014); [Exhibit 3, at the WHEREFORE paragraph of Plaintiff's Exhibit A]; [Exhibit

2] (stating the amount of the verdict entered in favor of Plaintiff against PROGRESSIVE totaled $2,025,134.44).

11. Based on the foregoing, this Court has original jurisdiction over this action. *See* 28 U.S.C. § 1332 (providing that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States).

12. PROGRESSIVE's Notice of Removal has been filed within thirty (30) days following receipt by PROGRESSIVE of the Order granting Plaintiff's Motion for Leave to file a first-party bad faith action against PROGRESSIVE in accordance with 28 U.S.C. § 1446(c). [*See* Exhibit 3]; [Exhibit 4]. Specifically, under Florida law, a bad faith action is a separate and distinct cause of action from a claim for UM benefits. *Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.,* 945 So.2d 1216, 1235 (Fla. 2006) (a "claim arising from bad faith is grounded upon the legal duty to act in good faith, and is thus separate and independent of the claim arising from the contractual obligation to perform.") (quoting *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289 (Fla. 1991); *Allstate Ins. Co. v. Jenkins,* 32 So.3d 163, 165 (Fla. 5th DCA 2010) ("the bad faith action is a separate and distinct cause of action…"). As a result, the bad faith claim is removable as a new and separate cause of action, PROGRESSIVE was entitled to remove the bad faith within thirty (30)

days of when the Court granted Plaintiff leave to pursue the bad faith claim, and PROGRESSIVE is not precluded from removing the bad faith action more than one year after the original Complaint was filed. *See e.g., Lahey v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 2029334 (M.D. Fla. July 11, 2007) ("Since Plaintiffs' bad faith claim is a separate and distinct cause of action, Defendant was entitled to remove the bad faith claim within 30 days of when it was filed and was not precluded from filing it more than one year after the original UM claim was filed."); *Johnson v. State Farm Mut. Auto. Ins. Co.*, 2016 WL 277768, at *2 (M.D. Fla. Feb. 25, 2015) (finding a bad faith claim is removable as a separate cause of action and holding the removal period begins when the state court authorizes the filing of an amended complaint containing a bad faith claim); *Gerlesky v. State Farm Mut. Auto. Ins. Co.*, 2022 WL 19914508, at *3 (M.D. Fla. Nov. 21, 2022) ("The Court continues to agree with … *Lahey* … that an amended bad faith complaint re-starts the on-year period of repose under 28 U.S.C. § 1446."). Thus, PROGRESSIVE's removal of this matter is timely. *Id*. Further, PROGRESSIVE has paid the removal fee contemporaneously with the filing of this Notice of Removal.

13. True and legible copies of all process, pleadings, and other papers filed in the state court proceedings pertaining to Plaintiff's first-party bad faith action against PROGRESSIVE are attached as composite Exhibit "8." *See* 28 U.S.C. §

6

1446(a) (providing that the Notice of Removal shall include "a copy of all process, pleadings, and orders served upon" the defendant); *see also* M.D. Fla. L.R. 1.06(b).

**WHEREFORE**, Defendant/Petitioner, PROGRESSIVE SELECT INSURANCE COMPANY, respectfully requests that this Court take jurisdiction over this matter and remove this action from the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, Case Number 2019-CA-007911, to the United States District Court for the Middle District of Florida, and grant such further relief as this Court deems just and proper.

## MEMORANDUM OF LAW

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Ayres v. General Motors Corp.*, 234 F. 3d 514, 517 (11th Cir. 2000) ("Removal is proper when a federal court would have original jurisdiction."). For a district court to have original jurisdiction over a case alleging only state law claims, as here, there must be complete diversity among the parties, which means the matter in controversy must involve citizens of different states, and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). An action brought in a state court may be removed on the basis of diversity jurisdiction if the

defendant is not a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b). The party seeking removal based upon diversity jurisdiction bears the burden of establishing diversity jurisdiction by a preponderance of the evidence. *See Williams v. Best Buy Co., Inc.*, 269 F. 3d 1316, 1319 (11th Cir. 2001) (stating that because "the case was originally filed in state court and removed to federal court by [defendant, defendant] bears the burden of proving that federal jurisdiction exists."); *see also Wright v. Continental Cas. Co.*, 456 F. Supp. 1075, 1078 (M.D. Fla. Sept. 14, 1978) ("The defendant bears the initial burden of adequately alleging jurisdiction on removal.").

I. **Removal of this case is proper under 28 U.S.C. §§ 1332, 1441, and 1446.**

In the instant matter, PROGRESSIVE has met the statutory requirements for the removal of Plaintiff's Amended Complaint to federal court and, therefore, removal is proper and appropriate.

A. **There is complete diversity of citizenship between the parties.**

This Court has original jurisdiction over this matter because there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a)(1). Plaintiff, CHANT, is a citizen of the State of Florida for diversity purposes. [*See* Exhibit 1, at ¶ 2] (alleging that "[a]t all times material hereto, Plaintiff was and is a resident of Duval County, Florida."); [Exhibit 3, at Plaintiff's Exhibit A, ¶ 2] (stating "[a]t all times Ms. Chant was and is a resident of Duval County, Florida."); [Exhibit 3, at

Plaintiff's Exhibit B, Plaintiff's Civil Remedy Notice] (indicating Plaintiff's address is "…Jacksonville, FL 32224"); [Exhibit 5, Florida Traffic Crash Report] (same); [Exhibit 6, Progressive Direct Automobile Liability Policy Coverage Summary] (same); *see also*; *Jones*, 141 F. Supp. 2d at 1355 (party's state of citizenship or domicile, for the purposes of diversity jurisdiction, is determined by the party's residence and intent to remain). Conversely, PROGRESSIVE is a foreign corporation organized under the laws of the State of Ohio with its principal place of business in Mayfield Village, Ohio. [*See* Exhibit 7, Printout from State of Florida Division of Corporations website (printed September 27, 2023)] (indicating PROGRESSIVE is an Ohio corporation with its principal place of business in Mayfield Village, Ohio). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1); *see also Maryland Cas. Co.,* 2013 WL 12166223. Thus, PROGRESSIVE is a citizen of Ohio for diversity purposes. *Id*. As such, there is complete diversity of citizenship between CHANT and PROGRESSIVE.

  **B. The amount in controversy exceeds $75,000.**

The amount in controversy in this action meets the jurisdictional threshold because CHANT seeks damages in excess of $75,000, exclusive of interest and costs. In the Amended Complaint, CHANT demands judgment against

PROGRESSIVE "for all damages, including the unsatisfied amounts of the Final Judgment; pre- and post-judgment interest on the Final Judgment; [and] attorney's fees and costs[.]" [*See* Exhibit 3, at the WHEREFORE paragraph of Plaintiff's Exhibit A]; [*see also* Exhibit 2] (stating the amount of the verdict entered in favor of Plaintiff against PROGRESSIVE totaled $2,025,134.44). "The sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]" 28 U.S.C. § 1446(c)(2). Based on the foregoing, this Court has diversity jurisdiction and removal is proper.

**II.     PROGRESSIVE's Notice of Removal is timely.**

When the subject matter jurisdiction requirements of 28 U.S.C. § 1332 are met, that is to say, the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, the only remaining question is whether the removing party has satisfied the procedural requirements for removal pursuant to 28 U.S.C. § 1446. Here, PROGRESSIVE has complied with all procedural requirements, including the time requirements, set forth in 28 U.S.C. § 1446. Specifically, on September 15, 2023, Plaintiff was granted leave to file a first-party bad faith action against PROGRESSIVE. [Exhibit 4]. Pursuant to 28 U.S.C. § 1446(b), the instant Notice of Removal has been filed within thirty (30) days following receipt by PROGRESSIVE of the Order granting Plaintiff's Motion for Leave to file a first-party bad faith action against PROGRESSIVE. [*Id.*].

10

Under well-established Florida law, a claim for bad faith is a separate cause of action from the underlying action. *Dadeland Depot, Inc.,* 945 So.2d at 1235 (a "claim arising from bad faith is grounded upon the legal duty to act in good faith, and is thus separate and independent of the claim arising from the contractual obligation to perform.") (quoting *Blanchard*, 575 So. 2d 1289; *Jenkins,* 32 So.3d at 165 ("the bad faith action is a separate and distinct cause of action…"). Therefore, the bad faith claim is removable as a new and separate cause of action and is not required to be removed within one-year after the underlying matter was filed. *See e.g., Lahey*, 2007 WL 2029334 ("Since Plaintiffs' bad faith claim is a separate and distinct cause of action, Defendant was entitled to remove the bad faith claim within 30 days of when it was filed and was not precluded from filing it more than one year after the original UM claim was filed."); *Love v. Prop. & Cas. Ins. Co. of Hartford*, 2010 WL 2836172 (M.D. Fla. July 16, 2010) ("[S]ince the bad faith claim is removable as a separate cause of action upon service of the initial pleading setting forth the claim for relief, the one-year limitation contained in the second paragraph of § 1446(b) is not implicated."); *Thorne v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 809530 (M.D. Fla. Feb. 25, 2015) (noting a bad faith claim is independent from a UM claim and holding that defendant's Notice of Removal was timely filed because it was filed within thirty days after service of Plaintiff's Third Amended Complaint); *Johnson*, 2016 WL 277768, at * 2 (finding a bad faith claim is

11

removable as a separate cause of action and holding the removal period begins when the state court authorizes the filing of an amended complaint containing a bad faith claim); *Gerlesky*, 2022 WL 19914508, at *3 ("The Court continues to agree with … *Lahey* … that an amended bad faith complaint re-starts the on-year period of repose under 28 U.S.C. § 1446."); *Batchelor v. GEICO Cas. Co.*, 2011 WL 12008037, at *1 (M.D. Fla. Aug. 15, 2011) ("it is well established under Florida law that a bad faith claim is a cause of action separate and independent of the underlying UM claim.") (existing quotations omitted); *Curran v. State Farm Mut. Auto. Ins. Co.*, 2009 WL 2003157, at *3 (M.D. Fla. July 2, 2009) ("a bad faith claim is separate and independent from the underlying UM claim").

In *Lahey*, the plaintiffs filed a UM action against his insurer in state court in September 2001. *Lahey*, 2007 WL 2029334, at *1. The trial of the UM claim resulted in a jury verdict in favor of the plaintiffs in excess of the $300,000 policy limits and the final judgment was limited to the policy limits. *Id*. While the judgment was pending appeal, the plaintiffs were granted leave to amend the complaint to add a statutory bad faith claim against their insurer. *Id*. After the plaintiffs filed an amended complaint for insurance bad faith in September 2006, the insurer removed the bad faith claim to federal court. *Id*. The plaintiffs sought an order remanding the bad faith claim on the basis that removal was untimely because the insurer did not remove the case within one year from the commencement of the original UM action

and because the insurer did not remove the case within thirty (30) days of receipt of the plaintiffs' motion to amend the complaint. *Id*. In denying Plaintiff's motion to remand, the Middle District determined that the UM claim and the bad faith claim were not inextricably intertwined, stating that, "[u]nder Florida law, a statutory bad faith claim is "separate and independent" of the claim arising from the contractual obligation to perform under the policy[,]" and that "[a] statutory bad faith claim does not exist until the underlying first party action on the policy has been resolved in favor of the insured. *Id*. at *2, citing *Allstate Indem. Co. v. Ruiz*, 899 So. 2d 1121, 1129 (Fla. 2005); *Blanchard*, 575 So. 2d at 1291. Because the bad faith claim is a separate and distinct cause of action, the *Lahey* Court held that the insurer "was entitled to remove the bad faith claim within 30 days of when it was filed and was not precluded from filing it more than one year after the original UM claim was filed." *Id*.; *Gerlesky*, 2022 WL 19914508, at *3 ("The Court continues to agree with the *Lahey* lines of cases that an amended bad faith complaint re-starts the on-year period of repose under 28 U.S.C. § 1446.").

Based on the foregoing, removal of this action to this Court is timely and proper pursuant to 28 U.S.C. § 1446(c).[1]

---

[1] PROGRESSIVE acknowledges that there is a split in authority within the Middle District of Florida on the treatment of first-party bad faith claims that were abated in state court or were brought in the same lawsuit through amendment of the initial complaint following an excess judgment. *See e.g.*, *King v. Gov't Emps. Ins. Co.*, 579 Fed. Appx. 796, 800 (11th Cir. 2014).

**WHEREFORE**, Defendant/Petitioner, PROGRESSIVE SELECT INSURANCE COMPANY, respectfully requests that this Court take jurisdiction over this matter and remove this action from the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, Case Number 2019-CA-007911, to the United States District Court for the Middle District of Florida, and grant such further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 10th day of October 2023, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

> */s/ David M. Angley*
> **JORDAN M. THOMPSON, ESQ.**
> Fla. Bar No.: 0087600
> **MEGAN E. ALEXANDER, ESQ.**
> Fla. Bar No.: 0058883
> **DAVID M. ANGLEY, ESQ.**
> Fla. Bar No.: 0121464
> **KYLE J. RASH, ESQ.**
> Fla. Bar No.: 109225
> Young, Bill, Boles, Palmer, Duke, & Thompson, P.A.
> 401 E. Jackson St., Ste. 2950
> Tampa, FL 33602
> Tel: (813) 603-3006
> Fax: (813) 603-3011
> jthompson@flalawyer.net
> malexander@flalawyer.net
> dangley@flalawyer.net
> krash@flalawyer.net
> *Counsel for Progressive*

## **SERVICE LIST**

**STEPHEN A MARINO, JR., ESQ.**
Fla. Bar No.: 79170
**MICHAL MEILER, ESQ.**
Fla. Bar No.: 86522
VER PLOEG & MARINO, P.A.
301 E. Pine Street, Suite 790
Orlando, FL 32801
Tel: (407) 380-9312
Fax: (407) 601-7905
smarino@vpm-legal.com
bvillamor@vpm-legal.com
MMEILER@vpm-legal.com
memanuel@vpm-legal.com
*Counsel for Plaintiff*

**BRETT A. HASTINGS, ESQ.**
Fla. Bar No.: 170119
Law Offices of Brett Hastings, P.A.
1661 Beach Blvd.
Jacksonville, FL 32250
Tel: (904) 247-4400
Fax: (904) 247-4404
brett@justiceforjax.com
*Co-Counsel for Plaintiff*

**ERIC S. BLOCK, ESQ.**
Fla. Bar No.: 915531
Morgan & Morgan, P.A.
76 S. Laura St., Ste. 1100
Jacksonville, FL 32202
Tel: (904) 398-2722
Fax: (904) 361-7245
rblock@forthepeople.com
*Co-Counsel for Plaintiff*