IN THE CIRCUIT COURT OF THE 4th JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.: 16-2019-CA-007911

Division: CV-F

ANTONIA CHANT,

    *Plaintiff,*

vs.

PROGRESSIVE SELECT INSURANCE COMPANY,

    *Defendant.*

                                         /

## MOTION FOR LEAVE TO AMEND COMPLAINT

Antonia Chant, pursuant to Fla. R. of Civ. P. 1.190 and the Florida Supreme Court's directive in *Fridman v. Safeco Ins. Co. of Ill.*, 185 So. 3d 1214 (Fla. 2016), moves this Court for leave to file an Amended Complaint to add a count for statutory bad faith against Progressive Select Insurance Company ("Progressive"), as follows:

### BACKGROUND

1. This case began as a claim for underinsured motorist benefits arising from a May 19, 2016 automobile accident.

2. On November 5, 2019 Ms. Chant filed her original complaint against Progressive to collect the uninsured motorist ("UM") benefits for which she had paid an enhanced premium.

3. On August 11, 2023 a jury rendered a verdict in Ms. Chant's favor in an amount that exceeds the Policy's UM limits.

4. Ms. Chant seeks to amend her complaint to add a cause of action for statutory bad faith under Fla. Stat. §624.155 with the intention that this count be abated until the appellate

process is waived or completed, pursuant to *Fridman v. Safeco Ins. Co. of Illinois*, 185 So. 2d 1214 (Fla. 2016).

5.   Ms. Chant therefore moves for leave to file the Amended Complaint, attached as Exhibit A. The requested amendment is made in good faith and for good cause and will not prejudice any parties to this action.

## MEMORANDUM OF LAW

Florida Rule of Civil Procedure 1.190(a) provides that leave of court to amend pleadings "shall be given freely when justice so requires." FLA. R. CIV. P. 1.190. The established law in Florida is that a first party bad faith action may be joined with a claim for UM benefits, with the bad faith action abated "until liability and damages under the policy have been established." *Fridman*, 185 So. 2d at 1229; *Safeco Ins. Co. of Ill. v. Beare*, 152 So. 3d 614, 616-17 (Fla. 4th DCA 2014); *State Farm Mut. Auto. Ins. Co. v. Tranchese*, 49 So. 3d 809, 810 (Fla. 4th DCA 2010) ("Where causes of action for both the underlying damages and bad faith are brought in the same action, the appropriate step is to abate the bad faith action until coverage and damages have been determined."); *Dela Cruz v. State Farm Select Ins. Co.*, No. 8:14-cv-2717-T-30TGW, 2014 WL 6705414, at *1 (M.D. Fla. Nov. 26, 2014) ("Florida courts tend to prefer abatement rather than dismissal when confronted with a premature bad faith claim."); *O'Rourke v. Provident Life & Acc. Ins. Co.*, 48 F. Supp. 2d 1383, 1384 (S.D. Fla. 1999) (explaining that abatement of an unripe Fla. Stat. § 624.155 claim is preferred).

The doctrine of abatement is "[r]ooted in notions of judicial economy . . . offer[ing] courts an opportunity to maintain a narrow focus on matters currently at issue, while preserving premature issues for future review if and when such issues ripe." *O'Rourke*, 48 F. Supp. 2d at 1385; *Gianassi v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-1078-Orl-31TBS, 2014 WL 4999443, at *3 (M.D.

Fla. Oct. 7, 2014) ("Because abatement offers at least the possibility of increased judicial efficiency for those bad faith claims that do become ripe, Count II will be abated rather than dismissed."). Adjudicating both the UM claim and the statutory claim under § 624.155 in the same court increases judicial efficiency because it is the insurer's handling of the UM benefits claim (i.e., the issue of whether the insurer settled the UM claim when it could have and should have done so) that is at issue in the § 624.155 claim. The initial trial as to the insured's total UM damages also "fixes the amount of damages in a first-party bad faith action." *GEICO Gen. Ins. Co. v. Paton*, 150 So. 3d 804, 807 (Fla. 4th DCA 2014).

Leave to amend is warranted here because Ms. Chant's bad faith cause of action stems from the same conduct, transaction, and occurrence upon which her original claim for coverage was brought. *See Dausman v. Hillsborough Area Reg'l Transit*, 898 So. 2d 213, 215 (Fla. 2d DCA 2005) ("Leave to amend should be freely given, the more so . . . when the amendment is based on the same conduct, transaction and occurrence upon which the original claim was brought.") (internal citations omitted). Progressive will suffer no prejudice or irreparable harm should this Court permit Ms. Chant to a add statutory bad faith count to this action as opposed to filing an entirely separate action.

Florida's liberal amendment policy requires all doubts to be resolved in favor of allowing an amendment. *See Cason v. Fla. Parole Com'n*, 819 So. 2d 1012, 1013 (Fla. 1st DCA 2002) ("Ordinarily, a request for leave to amend is directed to the sound discretion of the trial court, but all doubts should be resolved in favor of allowing amendment, and the refusal to do so generally constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile."); *Est. of Eisen v. Philip Morris USA, Inc.*, 126 So. 3d 323, 328 (Fla. 3d DCA 2013) ("It is

Case No.: 16-2019-CA-007911 Div. CV-F

well-settled that the rule permitting amendments to pleadings . . . [is] to be liberally construed and applied."). Refusal to allow amendment of a pleading constitutes an abuse of discretion unless it clearly appears that allowing amendment would prejudice an opposing party, the privilege to amend has been abused, or that amendment would be futile. *Bill Williams Air Conditioning & Heating, Inc. v. Haymarket Co-op. Bank*, 592 So. 2d 302 (Fla. 1st DCA 1991); *Thompson v. Publix Supermarkets, Inc.*, 615 So. 2d 796 (Fla. 1st DCA 1993). Because the proposed amendment would not prejudice Progressive, and privilege to amend has not been abused and will not prove futile, leave to amend should be permitted pursuant to Rule 1.190.

      WHEREFORE, Antonia Chant respectfully requests that this Court enter an Order granting her Motion for Leave to Amend Complaint, and for any other relief that this Court deems equitable, just, and proper.

Respectfully Submitted,

VER PLOEG & MARINO, P.A.
301 E. Pine Street, Suite 790
Orlando, FL 32801
407-380-9312
407-601-7905 *facsimile*

/s/ Stephen A. Marino, Jr.
**Stephen A. Marino, Jr., Esq.**
Florida Bar No. 79170
**Michal Meiler, Esq.**
Florida Bar No. 86522
smarino@vpm-legal.com
mmeiler@vpm-legal.com
bvillamor@vpm-legal.com
memanuel@vpm-legal.com
*Co-Counsel for Antonia Chant*

Case No.: 16-2019-CA-007911 Div. CV-F

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by email through the Florida Courts E-Filing Portal on August 15, 2023 to:

Brett A. Hastings, Esq.
Law Offices of Brett Hastings, P.A.
1661 Beach Boulevard
Jacksonville Beach, FL 32250
904-247-4400
904-247-4404 *facsimile*
brett@justiceforjax.com
joy@justiceforjax.com
help@justiceforjax.com
*Co-counsel for Antonia Chant*

Natalie F. Wheeler, Esq.
Sean M. Egan, Esq.
Cole, Scott, Kissane, P.A.
4190 Belfort Road, Suite 300
Jacksonville, FL 32216-1461
904-672-4013
904-672-4050
Natalie.wheeler@csklegal.com
Sean.egan@csklegal.com
Alexandra.ristevski@csklegal.com
Katelyn.morgan@csklegal.com
*Counsel for Progressive Select Ins. Co.*

Rick Block, Esq.
Morgan & Morgan, P.A.
501 Riverside Ave., Suite 1200
Jacksonville, FL 32202
904-361-4453
904-361-7245 facsimile
rblock@forthepeople.com
*Co-counsel for Antonia Chant*

/s/ Stephen A. Marino, Jr.
**Stephen A. Marino, Jr., Esq.**

1662689                                                                                                                        M to Amend

EXHIBIT A

**EXHIBIT A**

IN THE CIRCUIT COURT OF THE 4th JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.: 16-2019-CA-007911

Division: CV-F

ANTONIA CHANT,

    *Plaintiff,*

vs.

PROGRESSIVE SELECT INSURANCE COMPANY,

    *Defendant.*

_____/

## AMENDED COMPLAINT

Antonia Chant sues Progressive Select Insurance Company ("Progressive") and alleges:

### Jurisdiction and Venue

1. This is an action for damages exceeding Thirty Thousand Dollars ($30,000.00).

2. At all material times Ms. Chant was and is a resident of Duval County, Florida.

3. At all material times Progressive was and is a foreign profit corporation doing business and with offices in Duval County, Florida.

4. Venue is proper in Duval County because the acts that give rise to this cause of action occurred in Duval County, Florida, and all prior litigation activity involving Progressive took place before this Court.

### The Crash

5. On or about May 19, 2016, Ms. Chant was stopped for traffic on southbound Hodges Boulevard in Jacksonville, Florida. At the same time, Dustin Alan Cassill was travelling

Case No.: 16-2019-CA-007911 Div. CV-F

on southbound Hodges Boulevard behind a Toyota Corolla which was directly behind Ms. Chant's vehicle.

6. Dustin Alan Cassill failed to slow for traffic and collided with the rear of the Toyota Corolla which caused the Toyota Corolla to strike Ms. Chant's vehicle from the rear.

7. Dustin Alan Cassill had a duty to operate his vehicle with reasonable care. Dustin Alan Cassill breached this duty by colliding with the rear of the Toyota Corolla causing it to strike Ms. Chant's vehicle.

8. As a direct and proximate cause of Dustin Alan Cassil's negligence, Ms. Chant sustained serious bodily injury, resulting pain and suffering, aggravation of a pre-existing condition or injury, mental anguish, and loss of capacity for the enjoyment of life. In addition, Ms. Chant also incurred medical and hospital expenses for her care and treatment in the past, which will likely continue into the future, and suffered lost wages due to her injuries and/or diminished earning capacity in the future. These injuries and losses are permanent and continuing in nature.

**The Progressive Policy**

9. At all material times there was in full and effect an automobile insurance policy issued by Progressive to Ms. Chant, number 74072301-1 ("the Policy"). A copy of the Declarations Page is attached hereto as Exhibit A. Ms. Chant paid an enhanced premium for $100,000 in uninsured motorist ("UM") coverage.

10. Dustin Alan Cassill was an uninsured driver under the terms of the Policy.

**The Multiple Settlement Opportunities**

11. On September 17, 2018 Ms. Chant provided Progressive with a CD containing her medical bills and records, evidence of the significant damage to her vehicle, and a request to pay the Policy's UM limits within thirty days. Progressive refused to do so.

12. A year later, on September 12, 2019, Ms. Chant gave Progressive additional medical records including a surgical recommendation, and advised that Ms. Chant was scheduling the disc replacement surgery. Ms. Chant again requested payment of the UM limits. Progressive again refused.

13. Ms. Chant was compelled to file a Civil Remedy Notice on September 12, 2019. A copy of the Notice is attached as Exhibit B. Progressive failed or refused to resolve Ms. Chant's claim within the sixty-day safe harbor period.

14. All conditions precedent to this action have been performed, been waived, or have otherwise occurred.

## COUNT I – STATUTORY BAD FAITH

15. Ms. Chant restates the allegations in paragraph 1 – 14.

16. The Policy constitutes an enforceable contract under Florida law, imposing fiduciary obligations on Progressive as Ms. Chant's insurer.

17. Progressive was obligated to act fairly and honestly towards Ms. Chant and with due regard for her interests.

18. Progressive violated its fiduciary obligations and § 624.155, Florida Statutes, by failing to settle Ms. Chant's claim when, under all the circumstances, it could and should have done so, had it acted fairly and honestly and with due regard for Ms. Chant's interests.

19. As a direct and proximate result of Progressive's actions and/or inactions, Ms. Chant was damaged. Ms. Chant was also compelled to retain undersigned counsel to represent his interests in this action and is obligated to pay a reasonable fee for their services.

WHEREFORE, Antonia Chant demands judgment against Progressive Select Insurance Company for all damages, including the unsatisfied amounts of the Final Judgment; pre-and post-

Case No.: 16-2019-CA-007911 Div. CV-F

judgment interest on the Final Judgment; attorney's fees and costs related to this action, and any other relief this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Ms. Chant hereby requests trial by jury of all issues so triable.

Respectfully Submitted,

VER PLOEG & MARINO, P.A.
301 E. Pine Street, Suite 790
Orlando, FL 32801
407-380-9312
407-601-7905 *facsimile*

/s/ Stephen A. Marino, Jr.
**Stephen A. Marino, Jr., Esq.**
Florida Bar No. 79170
**Michal Meiler, Esq.**
Florida Bar No. 86522
smarino@vpm-legal.com
mmeiler@vpm-legal.com
bvillamor@vpm-legal.com
memanuel@vpm-legal.com
*Co-Counsel for Antonia Chant*

Case No.: 16-2019-CA-007911 Div. CV-F

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by email through the Florida Courts E-Filing Portal on _____ to:

| | |
|---|---|
| Brett A. Hastings, Esq.<br>Law Offices of Brett Hastings, P.A.<br>1661 Beach Boulevard<br>Jacksonville Beach, FL 32250<br>904-247-4400<br>904-247-4404 *facsimile*<br>brett@justiceforjax.com<br>joy@justiceforjax.com<br>help@justiceforjax.com<br>*Co-counsel for Antonia Chant* | Rick Block, Esq.<br>Morgan & Morgan, P.A.<br>501 Riverside Ave., Suite 1200<br>Jacksonville, FL 32202<br>904-361-4453<br>904-361-7245 facsimile<br>rblock@forthepeople.com<br>*Co-counsel for Antonia Chant* |

Natalie F. Wheeler, Esq.
Sean M. Egan, Esq.
Cole, Scott, Kissane, P.A.
4190 Belfort Road, Suite 300
Jacksonville, FL 32216-1461
904-672-4013
904-672-4050
Natalie.wheeler@csklegal.com
Sean.egan@csklegal.com
Alexandra.ristevski@csklegal.com
Katelyn.morgan@csklegal.com
*Counsel for Progressive Select Ins. Co.*

/s/ Stephen A. Marino, Jr.
**Stephen A. Marino, Jr., Esq.**

5

1662698                                                                                     Amended Comp

# EXHIBIT A

**EXHIBIT A**

**PROGRESSIVE®**

Progressive Claims Branch
901 N. Lake Destiny Rd,
Ste 200
Maitland, FL 32751
FAX: 407-618-8805
1800-Progressive

| | |
|---|---|
| Underwritten By: | Progressive Select Insurance Company F.K.A.: Progressive Auto Pro Insurance Company |
| Policyholder: | Chant, Richard H |
| Policy Number: | 74072301 -1 |
| Claim Number: | 161125046 |
| Date of Loss: | May 19 , 2016 |
| Injured Party: | Chant, Antonia |
| Today's Date: | March 27, 2017 |

Brett Hastings
226 3rd St. N.
Jax Beach, FL 32250

The purpose of this letter is to advise that we are in receipt of your letter of representation. As required by Florida Statute 627.4137 (formerly 627.7264) the following is our Statement Under Oath:

A. Name of the insurer: Progressive Select Insurance Company F.K.A.: Progressive Auto Pro Insurance Company

B. Name of each insured: Richard H. Chant AKA Richard Howard Chant & Antonia Lykiardopoulos Chant

C. The limits of liability coverage:
RBI $100,000 EACH PERSON-$300,000 EACH ACCIDENT
UM/UIM $100,000 EACH PERSON-$300,000 EACH ACCIDENT, NON-STACKED
PD $100,000 EACH ACCIDENT NO DEDUCTIBLE
COMP ACV LESS $250 DEDUCTIBLE
COLL ACV LESS $250 DEDUCTIBLE
RENTAL $40 PER DAY $1200 MAXIMUM
ROADSIDE ASSISTANCE
PIP EXTENDED PIP/$10,000 LIMIT/$1,000 DED/PERSON
NAMED INSURED AND DEPENDENT RELATIVES

D. A statement of any policy or coverage defense which such insurer reasonably believes is available to such insurer at the time of filing such statement: **There are no coverage issues at this time, however, Progressive reserves the right to amend this Policy Disclosure pending our further investigation.**

E. A complete copy of the policy is enclosed.

If you feel Progressive has failed to fully comply with all of the requirements as set forth under 627.4137, please do not hesitate to contact the assigned adjuster at 407-618-8843.

I, David H. Shelton, hereby swear or affirm and certify, under oath and penalty of perjury, that the contents of this disclosure made pursuant to Florida Statute 627.4137 are true and correct.

Progressive Select Insurance Company F.K.A.: Progressive Auto Pro Insurance Company

By its: _____
David H. Shelton - Claims Superintendent

Sincerely,
Michael Gogan Ext. **8843**
Claims Specialist

Enclosure(s): complete copy of policy 9611 D FL (07/13). The contract is modified by form A139 FL (06/14
A10/go

STATE OF FLORIDA
COUNTY OF _____
SWORN TO (OR AFFIRMED) AND SUBSCRIBED before me this ____ day of _____, 20__, by _____, personally known to me or who produced _____ as identification.

Signature of NOTARY PUBLIC State of Florida

Notary Public State of Florida
Crista Outler
My Commission FF 172981
Expires 11/28/2018

Name of Notary Typed, Printed, or Stamped
My Commission Expires: ___/___/_____    (NOTARY SEAL)

**EXHIBIT B**

**EXHIBIT B**

**FLORIDA DEPARTMENT OF FINANCIAL SERVICES**

## Civil Remedy Notice of Insurer Violations

| | |
|---|---|
| Filing Number: | 452950 |
| Filing Accepted: | 9/12/2019 |

Warning! Information submitted as part of this civil remedy notice is a public record. Data entered into this form will be displayed on the DFS website for public review. Please DO NOT enter Social Security Numbers, personal medical information, personal financial information or any other information you do not want available for public review.

☑ The submitter hereby states that this notice is given in order to perfect the rights of the person(s) damaged to pursue civil remedies authorized by Section 624.155, Florida Statutes.

### Complainant

| | |
|---|---|
| Name: | ANTONIA CHANT |
| Street Address: | 13774 WATERCHASE WAY |
| City, State Zip: | JACKSONVILLE, FL  32224 |
| Email Address: | |
| Complainant Type: | Insured |

### Insured

| | |
|---|---|
| Name: | ANTONIA CHANT |
| Policy #: | 7407230-1 |
| Claim #: | 161125046 |

### Attorney

| | |
|---|---|
| Name: | BRETT A HASTINGS |
| Street Address: | 226 3RD STREET NORTH |
| City, State Zip: | JACKSONVILLE BEACH, FLORIDA  32250 |
| Email Address: | BRETT@JUSTICEFORJAX.COM |

### Notice Against

| | |
|---|---|
| Insurer Type: | Authorized Insurer |
| Name: | PROGRESSIVE SELECT INSURANCE COMPANY |
| Street Address: | |
| City, State Zip: | , |

Please identify the person or persons representing the insurer who are most responsible for/knowledgeable of the facts giving rise to the allegations in this notice.

| | |
|---|---|
| Type of Insurance: | Auto |

DFS-10-363
Rev. 11/2007

**FLORIDA DEPARTMENT OF FINANCIAL SERVICES**

## Civil Remedy Notice of Insurer Violations

Filing Number:          **452950**

### Reason for Notice

Reasons for Notice:

**Unsatisfactory Settlement Offer**

---

**PURSUANT TO SECTION 624.155, F.S.** please indicate all statutory provisions alleged to have been violated.

624.155(1)(b)(1)    **Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests.**

---

Reference to specific policy language that is relevant to the violation, if any. If the person bringing the civil action is a third party claimant, she or he shall not be required to reference the specific policy language if the authorized insurer has not provided a copy of the policy to the third party claimant pursuant to written request.

**If you pay the premium for this coverage, we will pay for damages, other than punitive or exemplary damages, that an insured person is legally entitled to recover from the ower or operator of an uninsured motor vehicle because of bodily injury:**
1. **sustained by an insured person;**
2. **caused by an accident; and**
3. **arising out of ownership, maintenance or use of an uninsured motor vehicle.**

**We will pay under this Part III only after the limits of liability under all applicable bodily injury liability bonds and policies have been exhausted by payment of judgments or settlements.**

**We will not pay for damages consisting of pain, suffering, mental anguish, or inconvenience unless the injury or disease consists in whole or in part of:**
1. **significant and permanent loss of an important bodily function;**
2. **permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement;**
3. **significant and permanent scarring or disfigurement; or**
4. **death.**
**as described in section 627.737(2) of the Florida Motor Vehicle No-Fault Law, as amended.**

---

To enable the insurer to investigate and resolve your claim, describe the facts and circumstances giving rise to the insurer's violation as you understand them at this time.

DFS-10-363
Rev. 11/2007

Mrs. Chant is a fifty-two (52) year old school teacher. On or about May 19, 2016, Mrs. Chant was involved in a clear liability rear-end motor vehicle collision with an uninsured motorist. As a result of the subject collision, Mrs. Chant suffered injuries to her neck and lower back. On April 4, 2017, Mrs. Chant began a pain management regimen for her neck and back injuries with Justin Mann, M.D. Dr. Mann has been providing Mrs. Chant with regular cervical epidural injections since May 18, 2017. Mrs. Chant is still under Dr. Mann's care and continues to be treated regularly.

Mrs. Chant was also evaluated by board certified neurosurgeon Andrew Cannestra, M.D. on March 19, 2019. Dr. Cannestra recommended disc replacement surgery at C5-C6. Mrs. Chant has decided, due to ongoing neck and upper extremity pain, to undergo the recommended surgery. Mrs. Chant is currently attempting to schedule the procedure with Dr. Cannestra's office.

Mrs. Chant carried $100,000.00 in uninsured motorist coverage with Progressive Insurance. Mrs. Chant's total medical expenses to date are in excess of $20,000.00. Mrs. Chant's life expectancy is approximately twenty-eight (28) years. Conservative future pain management care over her lifetime will easily exceed the limits of her coverage with Progressive Insurance. The planned surgical procedure, rehabilitation from the same and pain management subsequent to surgery will greatly exceed the limits of coverage.

Given the length of Mrs. Chant's symptoms and the necessity for surgical intervention, it is obvious that her condition is permanent. As such she will also be entitled to noneconomic damages as well. Despite the foregoing, Progressive Insurance has only offered $18,000.00 to settle this matter.

| Comments | | |
|---|---|---|
| User Id | Date Added | Comment |
|  |  |  |